UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C20-5256 RAJ <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff appeals denial of his applications for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his and his wife's statements and three medical opinions, and failing to properly address all of Plaintiff's impairments. Dkt. 20. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 48 years old, has a high school education, and has worked as an electronics technician, construction worker, and installer. Dkt. 18, Admin. Record (AR) 56. Plaintiff applied for benefits in 2016, alleging disability as of March 25, 2015. AR 46. After conducting a hearing in November 2017, the ALJ issued a decision finding Plaintiff not disabled. AR 440-

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

1  69, 46-58.  The ALJ found Plaintiff had one severe impairment, degenerative disc disease of the
2  lumbar spine.  AR 48.  The ALJ found Plaintiff had the residual functional capacity (RFC) to
3  perform light work with additional postural limitations.  AR 50.

4        The Appeals Council granted Plaintiff's request for review because the ALJ erred by
5  failing to consider the medical source statement of treating physician Dennis Kim, M.D.  AR 10.
6  The Appeals Council gave Dr. Kim's statement little weight, adopted the ALJ's findings on all
7  other issues, and concluded Plaintiff was not disabled.  AR 10-12.

8  **DISCUSSION**

9        This Court may set aside the Commissioner's denial of Social Security benefits only if
10  the ALJ's decision is based on legal error or not supported by substantial evidence in the record
11  as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

12  **A.**  **Medical Opinions**

13        A treating physician's opinion is generally entitled to greater weight than an examining
14  physician's opinion, and an examining physician's opinion is entitled to greater weight than a
15  nonexamining physician's opinion.  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  An
16  ALJ may only reject the contradicted opinion of a treating or examining doctor by giving
17  "specific and legitimate" reasons.  *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

18        An ALJ may reject the opinion of a non-acceptable medical source, such as a physical
19  therapist, by giving reasons germane to the opinion.  *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th
20  Cir. 2014).

21        **1.**      **Examining Physician Beth Liu, M.D.**

22        After examining Plaintiff in May 2016, Dr. Liu diagnosed lumbar degenerative disc and
23  facet disease, neck pain, and peripheral neuropathy.  AR 319, 321.  She opined he was able to

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

stand two hours, walk one hour, and sit 1.5 hours per day.  AR 321.  The ALJ gave Dr. Liu's functional opinions little weight as contradicted by the medical evidence, and rejected the neuropathy diagnosis as unsupported by objective evidence.  AR 55.

### a)      **Functional Limitations**

The ALJ discounted Dr. Liu's opinions based on an April 2015 physical examination by Robert Kaler, M.D., which documented full neck, back, and hip range of motion, in contrast to Dr. Liu's findings of decreased cervical and lumbar spine range of motion and inability to move the hips.  AR 333, 320-21.  The ALJ found "no objective diagnostic, clinical, or laboratory findings establishing any worsening of the claimant's impairments" in the time between the two examinations.  AR 55.  But Dr. Liu's examination results provided such objective clinical and diagnostic findings.  In addition to decreased range of motion, Dr. Liu found back tenderness and stiffness, positive straight leg test bilaterally, and cervical spine tenderness.  AR 320-21.  There is no dispute Plaintiff suffers from a degenerative, *i.e.*, progressively deteriorating, spinal condition.  The ALJ failed to explain why Dr. Liu's findings would not be sufficient to establish worsening of Plaintiff's condition.  Substantial evidence does not support the ALJ's finding that Dr. Kaler's findings undermine Dr. Liu's.

The ALJ also cited treatment notes for unrelated health issues in October 2015 and April 2016.  The October 2015 note states "Negative for back or joint pain" and the April 2016 note states "Negative" in the musculoskeletal portion of the "Review of Systems" section.  AR 289, 331.  Whatever these notations might mean, the ALJ clearly did not interpret them to mean Plaintiff never has any back pain.  The ALJ accepted Plaintiff suffers from a back impairment that, at minimum, limits him to light work.  The two treatment notes do not provide substantial evidence contradicting Dr. Liu's findings.

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

### b) Neuropathy

The ALJ rejected Dr. Liu's diagnosis of peripheral neuropathy because it was "not corroborated by any objective EMG or NCV testing of record." AR 55. Nothing in the record establishes EMG or NCV testing is the only way to diagnose peripheral neuropathy.

An ALJ only considers impairments resulting from "abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. The Commissioner argues establishing a medically determinable impairment therefore requires *both* clinical *and* laboratory findings. Dkt. 29 at 3-4. There is no support for the Commissioner's interpretation. Many conditions can be diagnosed only through clinical findings. *See, e.g.*, *Revels*, 874 F.3d at 666 (there are "no laboratory tests" establishing fibromyalgia).

Dr. Liu reviewed several records, including a 2013 lumbar MRI showing "[s]evere left L5-S1 foraminal stenosis," and performed clinical testing revealing "decreased sensation to pinprick and touch in all extremities, right worse than left." AR 321. The ALJ offered no reason why this information was inadequate to support a diagnosis of peripheral neuropathy. Dr. Liu, as a medical professional, was in a better position than the ALJ to determine whether she had sufficient information to make the diagnosis.

The Court concludes the ALJ erred by rejecting Dr. Liu's opined functional limitations and neuropathy diagnosis.

### 2. Treating Physician Dennis Kim, M.D.

In October 2016 Dr. Kim agreed Dr. Liu's opined functional limitations were "consistent with [his] clinical observations and review of objective testing" and opined Plaintiff would have been absent at least three days per month if he had attempted even sedentary full-time work. AR 434. The ALJ failed to address Dr. Kim's opinions. The Appeals Council gave Dr. Kim's

opinions "little weight for reasons similar to those provided by the [ALJ] regarding Dr. Liu's assessed limitations." AR 10. Because the reasons were insufficient to discount Dr. Liu's opinions, they were also insufficient to discount Dr. Kim's opinions.

### 3. Examining Source Marsha Hiller, P.T.

In October 2017 Ms. Hiller performed a functional capacity evaluation and opined Plaintiff was unable to work. AR 439. The ALJ discounted Ms. Hiller's opinions for "the same reasons as described with Dr. [Liu]." AR 55. The ALJ's reasons were unsupported by substantial evidence and thus insufficient to discount Ms. Hiller's opinions.

## B. Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified he could sit 10 to 20 minutes at a time, walk 15 to 20 minutes at a time, and needed to recline three to four hours during the day. AR 453-54, 457. The ALJ discounted Plaintiff's testimony based on conservative treatment, work history, failure to follow treatment recommendations, and inconsistency with the record. AR 52-53. The ALJ also relied on the three examinations discussed above, which did not provide clear and convincing reasons to discount Plaintiff's testimony. AR 53.

### 1. Conservative Treatment

The ALJ discounted Plaintiff's pain testimony because he was only "prescribed muscle relaxers Baclofen and Gabapentin, and not any pain medications…." AR 52. The ALJ's reason

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 5

is unsupported by substantial evidence. Medications prescribed to treat pain are pain medications. Moreover, the ALJ failed to acknowledge Plaintiff's pain was also treated by epidural steroid injection. AR 304; *see Garrison*, 759 F.3d at 1015 n.20 ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment."). The Commissioner cites *Parra v. Astrue*, but in that case the claimant's pain was treated only with "an over-the-counter pain medication," while here Plaintiff received prescription pain medications as well as injections. 481 F.3d 742, 750-51 (9th Cir. 2007). Conservative treatment was not a clear and convincing reason to discount Plaintiff's pain testimony.

### 2. Treatment Recommendations

The ALJ discounted Plaintiff's testimony because he did not quit smoking, as recommended by his doctors. AR 52-53. The ALJ speculated, without support from the record, that smoking restricts blood circulation and thus "may be" contributing to desiccation of spinal discs and therefore his pain. AR 53. Lacking the support of substantial evidence, this cannot be a clear and convincing reason to discount Plaintiff's testimony.

### 3. Work History

The ALJ discounted Plaintiff's testimony because he was able to return to work in 2014, after a spine injury in May 2013. AR 52. If Plaintiff's impairments had remained constant since 2014, his ability to work would be substantial evidence his impairments were not disabling. *See Gregory v. Bowen*, 844 F.2d 664, 667 (9th Cir. 1988) (Upholding ALJ's finding back problems were not disabling where "substantial evidence indicated that the condition of Gregory's back had remained constant for a number of years and that her back problems had not prevented her from working over that time."). However, as discussed above, Plaintiff has a degenerative spinal

condition, and objective clinical findings show worsening between April 2015 and May 2016. Plaintiff's work history was not a clear and convincing reason to discount his testimony.

### 4. Inconsistency with the Record

In a March 2016 Function Report, Plaintiff's wife did not select "Concentration" as one of the abilities affected by Plaintiff's impairments, wrote he had "no problems" paying attention, and stated he finished what he started. AR 169. The ALJ found this inconsistent with Plaintiff's testimony he rarely drives because his pain "makes it harder … to concentrate on the road." AR 460. These statements are not inconsistent. Plaintiff's wife indicates he has no underlying concentration problem while Plaintiff states it is his pain during driving that makes concentration more difficult.

Asked what household chores Plaintiff could perform, Plaintiff's wife wrote "all household chores are done with wife shared [*sic*]." AR 166. The ALJ found this inconsistent with Plaintiff's testimony he was not able to help with household chores "at all." AR 450. The two statements agree that Plaintiff cannot perform any household chores himself, but differ on whether he is able to help with them. Such a minor discrepancy does not, by itself, establish a clear and convincing reason to discount Plaintiff's testimony. *Cf. Popa v. Berryhill*, 872 F.3d 901, 906–07 (9th Cir. 2017) ("An ALJ may consider inconsistent statements by a claimant in assessing her credibility. A single discrepancy fails, however, to justify the wholesale dismissal of a claimant's testimony." (internal citations omitted)).

The Court concludes the ALJ erred by discounting Plaintiff's testimony without a clear and convincing reason.

### C. Lay Witness Testimony

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v.*

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

*Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).  While the ALJ accepted Plaintiff's wife's statements about concentration and household chores, he provided no reason to discount her other statements.  AR 55.  Plaintiff's wife stated Plaintiff can only stand, sit, or walk for 15 to 20 minutes at a time and cannot lift more than 10 pounds.  AR 164, 169.  The Commissioner argues the ALJ's reasons to reject Plaintiff's testimony apply to his wife's statements.  Dkt. 29 at 7.  Because those reasons were not supported by substantial evidence, they are insufficient to reject Plaintiff's wife's statements as well.  The Court concludes the ALJ erred by discounting her lay witness statement.

**D.   Mental Health Impairments**

The ALJ found Plaintiff's "mood disorder and anxiety" non-severe impairments, and included no mental limitations in the RFC.  AR 49, 50.  Plaintiff contends this was erroneous because examining doctor W. Michael Rogers, Psy.D., opined Plaintiff had "moderate limitations" in persistence and adaptation.  Dkt. 30 at 8.  This mischaracterizes Dr. Roger's opinions.  Dr. Rogers did not opine limitations, but stated Plaintiff "indicate[d] having a moderate level of persistence," and opined Plaintiff's "overall level of adaptation seems moderate."  AR 317.  Plaintiff fails to establish that moderate levels of persistence and adaptation require any restrictions in his RFC.  Plaintiff has shown no error.

**E.   Scope of Remand**

Plaintiff baldly asserts his testimony and the three erroneously rejected medical opinions "should be credited as true" and benefits awarded.  Except in rare circumstances, the appropriate remedy for an erroneous denial of benefits is remand for further proceedings.  *See Leon v. Berryhill*, 880 F.3d 1041, 1043 (9th Cir. 2017) (*citing Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014)).  Plaintiff makes no effort to analyze the factors the Court

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

considers before remanding for an award of benefits, or to show any rare circumstances. The Court will remand for further administrative proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Plaintiff's testimony, his wife's statements, and the medical opinions of Dr. Liu, Dr. Kim, and Ms. Hiller; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 15th day of January, 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING THE
COMMISSIONER'S FINAL DECISION AND
REMANDING THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9